ALBERT F. HOUGHTON & others *vs.* CAROLINE C. FURBUSH.

Suffolk.   January 27, 1904. — February 27, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Damages.*

In an action by a publisher for damages for a refusal to receive and pay for a special set of the works of a certain author ordered by the defendant, where the only question relates to the assessment of damages, the plaintiff is entitled to recover his loss of profit caused by the defendant's breach of the contract, and therefore a request for a ruling that the plaintiff can recover only nominal damages or only the actual expense incurred before the order was countermanded should be refused. *Whether,* in such a case, on the receipt of a countermanding order from the defendant, it would be the duty of the plaintiff at once to stop work on the set of books to make the damage to the defendant as light as possible, *quære.*

CONTRACT, alleging, after the amendment described in the opinion, a refusal of the defendant to receive and pay for a special set of Hawthorne's works made for the defendant under a contract in writing signed by her.   Writ dated October 6, 1902.

In the Superior Court the case was tried before *Sherman,* J., without a jury.   The trial took the course described in the opinion.   The contract sued upon was as follows: " Messrs. Houghton, Mifflin & Co., Boston.   Gentlemen : I hereby subscribe for one special set of Autograph Edition of Hawthorne's works, in twenty-two volumes, with all hand-colored plates, bound in full French Levant, with double finish and watered silk linings, with special design, hand tooled, for which I agree to pay fifty dollars per volume.   C. C. Furbush, Greenfield, Mass.   Date, Jan. 31, 1901."

Upon the amended declaration the judge found for the plaintiffs in the sum of $561 ; and the defendant alleged exceptions, raising the questions stated by the court.

*D. Malone,* for the defendant.

*S. W. Forrest,* for the plaintiffs.

HAMMOND, J.  The original declaration contained three counts, the first being on an account annexed apparently as

for goods sold and delivered, the second being for balance due the plaintiffs on an accounting together, and the third being for interest. The answer contained a general denial, and set up fraud on the part of the plaintiffs. Upon these pleadings the case went to trial. At the close of the evidence the defendant asked the judge to rule in substance that upon the whole evidence the plaintiff could not recover; and that "the action should have been for damages for the breach of a special contract." The defendant also requested certain rulings as to the rule of damages, and as to fraud. In this state of things the case was argued and submitted to the judge sitting without a jury. Subsequently, without announcing any final decision, the judge notified the counsel for the plaintiffs that in his opinion it was doubtful if the action could be maintained upon the declaration. The counsel for the plaintiffs then moved for leave to amend his declaration by adding thereto a count for breach of contract in refusing to take the books which the defendant had ordered. After a hearing this motion was granted and the defendant excepted. The judge "found for the plaintiffs on the amended declaration in the sum of five hundred and sixty-one dollars as damages for breach of the contract." The defendant excepted to the rulings of the judge and to the refusal to give the rulings requested.

The exception to the allowance of the amendment is not argued, and therefore in view of its nature we consider it waived.

The record discloses no evidence to establish the defence of fraud. The contract when made was binding upon the defendant, and it does not appear that by rescission or otherwise she has been released from it. She must be held, therefore, and the only remaining questions relate to the assessment of damages. Upon this question the defendant requested the judge to rule (1) that the plaintiffs could recover only nominal damages, (2) that they could recover "only the actual expense made before the order was countermanded," and further (3) that "the measure of damages is the difference between the market value at the time and place of delivery and the contract price, and no evidence having been introduced of that difference, the court can award nominal damages only." A short but decisive answer

to the first two requests is that they each exclude from the
amount of damages the item of profit which the plaintiffs would
have made from the contract. They were therefore properly
refused. The last ruling requested was given so far as it stated
the rule of damage. So far, therefore, as respected the rule of
damage the defendant has no ground for complaint as to the
manner in which the judge dealt with her requests. The
counsel for the defendant has addressed an argument to us in
support of the proposition that upon the receipt of the counter-
manding order from the defendant it was the duty of the plain-
tiffs to stop at once and make the damage to the defendant as
light as possible, but we have not found it necessary to consider
how far the principle that a party to an executory contract, by
a notice to the other party of his intention not to comply with
its terms, can reduce his liability for damages, is applicable to
this case, because we do not think that that question is fairly
raised on this record.

While the evidence as to the market value at the time and
place of delivery was slight, still we cannot say as matter of
law that it did not justify the finding made by the judge.

*Exceptions overruled.*